# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYRECAS RAKEEM MATLOCK,<br><br>Defendant. | No. 25-CR-2046-CJW-MAR<br><br>**ORDER** |

———————————————

A Report and Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending that the Court grant in part and deny as moot in part defendant's motion to suppress, (Doc. 20), is before the Court. (Doc. 23). Neither party has filed a timely objection. For the following reasons, the R&R is **adopted**, and defendant's Motion to Suppress is **granted in part and denied in part**.

When a party files a timely objection to a magistrate judge's R&R, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake [ ] a de novo review of the disputed portions of a magistrate judge's [R&R]"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de

1

novo review of a magistrate judge's R&R when such review is required. *Lothridge*, 324 F.3d at 600.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (cleaned up) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).

On March 9, 2026, defendant filed a motion to suppress, requesting suppression of "[a]ll electronic devices seized from . . . Hulin Street, Charles City, Iowa, on November 14, 2024" as well as "[a]ny evidence derived from the search of the following devices, including the extraction of any data from the devices, and the review of that data[.]" (Doc. 20, at 1). Defendant listed those devices as two iPhones, a Trac phone, a silver iPad, a black tablet, and a rose-gold colored laptop. (*Id.*). On March 16, 2026, the government filed a response, stating that

> [t]he government was unable to extract data from the trac phone, black tablet, and rose-gold colored laptop, and it has not identified any relevant evidence from the extractions of the two iPhones and silver iPad. Therefore, while the government does not concede that the devices were improperly seized and searched, the government does not intend on admitting any evidence obtained from these devices during the government's case-in-chief. The government does not resist defendant's motion to suppress, as there is no relevant evidence to suppress from these devices.

(Doc. 22, at 1–2).

On March 17, 2026, Judge Roberts issued his R&R, recommending that "[b]ecause the [g]overnment has not contested [d]efendant's motion on the merits, I find it inappropriate to simply grant the motion in its entirety. Rather, without making any recommendations regarding the constitutional bases for the motion, I conclude it is appropriate for the Court to grant the requested relief, i.e., that the [g]overnment be prohibited from offering any evidence from the devices at trial." (Doc. 23, at 1).

Based on the Court's review of the record, the Court finds no error—clear or otherwise—in Judge Roberts' recommendation. For these reasons, the Court **adopts** the R&R in its entirety. (Doc. 23). Defendant's Motion to Suppress (Doc. 20) is **granted in part and denied in part as moot**. The government may not use any evidence from the listed evidence at trial in this matter.

**IT IS SO ORDERED** this 8th day of April, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

3